UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HENRY RHODIES**                                **CIVIL ACTION NO. 23-CV-4586**

**VERSUS**                                       **JUDGE DARREL JAMES PAPILLION**

**ALLSTATE INSURANCE CO.**                       **MAGISTRATE JUDGE JANIS VAN MEERVELD**

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant Allstate Insurance Co. ("Allstate"). R. Doc. 14. Plaintiff Henry Rhodies ("Rhodies") does not oppose the motion. For the reasons assigned below, it is ordered that Allstate's motion is **GRANTED**.

## BACKGROUND

This case arises out of an insurance dispute between Rhodies, whose property was damaged during Hurricane Ida in August 2021, and Allstate, Rhodies's alleged insurer at the time of the damage. R. Doc. 1 at ¶¶ 10, 13, 16. On April 4, 2024, Allstate filed a motion to dismiss, arguing Allstate did not insure Rhodies's property at the time of the storm and urging the Court to dismiss Rhodies's claims for lack of standing and failure to state a claim. R. Doc. 14. In support of its motion, Allstate attached an affidavit from Megan Thompson-McKenna, an Allstate employee, who testified that "Allstate . . . did not issue any homeowner nor property insurance policy to Henry Rhodies . . . on the date of the alleged Hurricane." R. Doc. 14-4 at ¶ 8.

After Rhodies failed to oppose Allstate's motion, the Court set a telephone status conference for the purpose of discussing the motion. During the conference, the Court converted the motion to dismiss to a motion for summary judgment and afforded Rhodies twenty-one days during which to come forward with summary judgment evidence. That deadline has since lapsed,

and Rhodies has not offered any summary judgment evidence or otherwise opposed Allstate's motion.

## LAW AND ANALYSIS

Summary judgment is appropriate when the evidence before the court shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party may satisfy its initial burden by pointing out that the record contains no support for the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (quoting Fed. R. Civ. P. 56(c)). Thereafter, if the nonmovant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). District courts may not grant an unopposed motion for summary judgment simply because it's unopposed but may do so "if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (per curium).

The record shows Allstate clearly carries this burden. Rhodies's claims against Allstate are predicated on Allstate's failure to provide coverage under an insurance policy. R. Doc. 1. But Ms. Thompson-McKenna, an Allstate employee, testified "Allstate Insurance Company did not have any homeowner nor property insurance policy issued to Henry Rhodies . . . on the date of the alleged Hurricane." R. Doc. 14-4 at ¶ 9. Rhodies has not offered anything to refute Allstate's evidence. Accordingly, there is no genuine issue of fact, and Allstate is entitled to judgment as a matter of law.[1]

---

[1] Allstate does not cite, nor could the Court find, any authority for the proposition that the existence of an insurance policy is a jurisdictional question rather than a merits question. The Court therefore rejects Allstate's jurisdictional arguments and grants summary judgment solely on the merits.

2

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Allstate's Motion for Summary Judgment (R. Doc. 14) is **GRANTED**, and this matter is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 16th day of July 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**